IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TIMOTHY SHAUN JOHNSON | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | NO. 3-05-CV-2526-R |
| | § | |
| DAN JOSLIN, Warden, | § | |
| FCI-Seagoville | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Timothy Shaun Johnson, an inmate at FCI-Seagoville, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons stated herein, the application should be construed as a motion to correct, vacate, or set aside sentence and dismissed for lack of subject matter jurisdiction.

I.

Petitioner was convicted by a jury in the Western District of Oklahoma on multiple drug and weapons charges. Punishment was assessed at 410 months confinement on the drug counts, followed by a consecutive 60-month sentence on the firearms charge. His convictions and sentences were affirmed on direct appeal. *United States v. Johnson*, No. 94-6425, 1995 WL 678514 (10th Cir. Nov. 15, 1995), *cert. denied*, 116 S.Ct. 1027 (1996). Petitioner also filed a motion to correct, vacate, or set aside his sentence pursuant to 28 U.S.C. § 2255. The district court granted the motion in part, vacating petitioner's firearm conviction and 60-month sentence. In all other respects, the motion was denied. *United States v. Johnson*, No. 5-97-CV-0683-C (W.D. Okla. May 13, 1999), *COA denied and appeal dism'd*, No. 99-6222, 2000 WL 223593 (10th Cir. Feb. 28, 2000).

Petitioner now seeks habeas relief pursuant to 28 U.S.C. § 2241. In three related arguments, petitioner contends that his sentence was improperly enhanced based on an amount of drugs not found by the grand jury or alleged in the indictment.

II.

As a preliminary matter, the court must determine whether this claim is properly raised in a section 2241 habeas petition. A collateral attack on a federal criminal conviction is generally limited to a motion to correct, vacate or set aside sentence under 28 U.S.C. § 2255. *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). An application for writ of habeas corpus brought under 28 U.S.C. § 2241 is properly construed as a section 2255 motion if it seeks relief based on errors that occurred at trial or sentencing. *Id.* at 877-88. However, habeas relief may be appropriate when the remedy provided under section 2255 is inadequate or ineffective. *Jeffers v. Chandler*, 253 F.3d 827, 830-31 (5th Cir.), *cert. denied*, 122 S.Ct. 476 (2001). A petitioner must satisfy two factors to show inadequacy. First, the claim must be "based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense." *Id.* at 830, *quoting Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). Second, the claim must have been "foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Id.*

Petitioner has failed to allege, much less prove, either prong of the *Reyes-Requena* test.[1] That he may be precluded from raising his claims in a second or successive section 2255 motion does not make that remedy "inadequate or ineffective." *See Jeffers*, 253 F.3d at 830; *Anthony v. Joslin*, No. 3-05-CV-1790-K, 2005 WL 2778657 at *1 (N.D. Tex. Oct. 24, 2005) (Kaplan, J.), *rec.*

---

[1] To the extent petitioner attempts to bring a claim under *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), the Fifth Circuit has expressly held that such a claim may not be raised for the first time on collateral review. *United States v. Gentry*, 432 F.3d 600, 605 (5th Cir. 2005); *In re Elwood*, 408 F.3d 211, 213 (5th Cir. 2005).

*adopted*, 2005 WL 3150235 (N.D. Tex. Nov. 14, 2005). Consequently, petitioner may not challenge his conviction under 28 U.S.C. § 2241.

III.

Having determined that this action must be brought under section 2255, the court now turns to the issue of jurisdiction. A federal prisoner must seek habeas relief from the court which sentenced him. 28 U.S.C. § 2255; *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000), *citing Cox v. Warden, Federal Detention Center*, 911 F.2d 1111, 1113 n.2 (5th Cir. 1990). This filing requirement is jurisdictional. *United States v. Mares*, 868 F.2d 151, 152 (5th Cir. 1989). Because petitioner was convicted and sentenced in the Western District of Oklahoma, jurisdiction is proper only in that district.

## **RECOMMENDATION**

Petitioner's application for writ of habeas corpus should be construed as a motion to correct, vacate, or set aside sentence and dismissed without prejudice for lack of subject matter jurisdiction.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 7, 2006.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE